(No. 2395—

GUARANTY TRUST COMPANY OF NEW YORK, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed December 11, 1934.*

CHAPMAN & CUTLER, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This is a claim for a tax refund. The claimant, Guaranty Trust Company of New York, is a corporation organized and existing under the laws of that State with capital stock outstanding in the amount of $90,000,000.00 and was in the year 1932 duly qualified to do business in the State of Illinois. It filed its annual report in 1932 with the Secretary of State and a franchise tax based on said report, which was the minimum tax assessable against a corporation having a capital stock

of the amount stated, was assessed against it in the sum of $1,000.00. The assessment was claimed to be invalid as being in contravention of constitutional provisions, including Section 1 of Article 14 of the Constitution of the United States, commonly known as the ''Due Process Clause.'' Claimant paid the amount of tax under protest to avoid penalties which it was instructed would be imposed if it failed to pay, including its right to do business in the State of Illinois, forfeiture of which right was threatened unless payment was made.

Within thirty days after making the payment, claimant, in compliance with provisions of the Statutes of Illinois, filed its bill in the Circuit Court of Sangamon County to enjoin the Secretary of State of Illinois from paying into the State treasury the amount thus delivered to him under protest. A temporary injunction was issued, restraining the Secretary of State from paying the money to the State Treasurer and the writ was served upon the then Secretary of State. The latter disregarded the injunction and delivered the money to the State Treasurer.

Thereafter the Supreme Court of Illinois in the case of *St. Louis and Southwestern Railway Company* vs. *Stratton,* 353 Ill. 273 held—the Statute under which the assessment was made, and any assessments to be made thereon to be invalid because it was in violation of the *due process and Interstate Commerce Clause of the U. S. Constitution.*

Claimant thereafter on May 15, 1934, served notice on the Attorney General of the State of Illinois that it would apply to the court for the entry of a decree in its favor in the proceeding then pending in the Circuit Court of Sangamon County, and thereupon learned for the first time that the payment which it had enjoined had been disregarded by the former Secretary of State, and thereupon claimant filed its complaint in this court. The proper amount of tax that should have been paid by claimant, in view of the unconstitutionality of the Act in question, for its annual franchise tax for the year 1932 based upon its business done from property located within this State, was $10.00, making the amount of claim herein $990.00. Claimant contends also for interest upon said money. The Attorney General has not interposed

active objection to the allowance of the sum of $990.00 but takes issue with the claimant in its request for interest.

The case of *St. Louis and Southwestern Railway* vs. *Stratton, supra,* held: that the State could exact from a foreign corporation for an initial fee such amount as it deemed advisable, but that when the corporation had once been admitted to do business in this State, then the latter could not impose an unreasonable burden upon the corporation, and the franchise tax exacted in such cases must be reasonable and based on the amount of property held in this State and the business transacted in this State.

Claimant observed all the necessary precautions to protect its rights to a refund. The money was paid under protest. Suit to restrain the forwarding of such money by the Secretary of State to the State Treasurer was filed within thirty days and a temporary injunction was issued. Claimant is entitled to an award.

In its request for interest claimant states that it has been unable to find any authorities in Illinois which touch upon the question of the court's power to allow interest on its award against the State. In the citation of Editor's views from 59 Corpus Juris, Page 297, Section 455, claimant states:

"Where the Legislature has expressly authorized a suit against the State and empowered the court to render an award and judgment, as right and justice may require, the court may include interest in the judgment."

It has not been the practice of this court to allow interest on awards, but even under a liberal reading of the above editorial comment, we do not believe an award of interest would be justified in this case. Interest would only be justified if there had been an unreasonable and vexatious delay in the payment of this claim. The payment of the tax in question was originally made because of a then existing Statute. The claim for refund was filed on June 7, 1934, and an award is being granted thereon in apt time to permit an appropriation by the next succeeding session of the Legislature held thereafter. Claim for interest is denied and an award is made in favor of claimant for the principal sum of $990.00.